27 C.C.P.A. (Patents)

## In re LAWSON.
### Patent Appeal No. 4266.

Court of Customs and Patent Appeals.
Feb. 26, 1940.

Roy F. Lovell, of Pawtucket, R. I., for appellant.

Howard S. Miller, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming that of the examiner rejecting all of the claims, 3, 4, 5 and 7 to 21, inclusive, of an application for a patent for alleged new and useful improvements in "Reverse Plating Mechanism and Process."

The grounds of rejection were want of patentability over the prior art, res adjudicata, a departure from the invention claimed in the application, and want of support in the disclosure of the applicant.

The references cited are: Denton, 248,-719, Oct. 25, 1881; McDonnell et al., 267,097, Nov. 7, 1882; Ballard, 1,424,274, Aug. 1, 1922; Lawson, 1,605,895, Nov. 2, 1926; Lawson, 1,627,290, May 3, 1927; Epps, 1,666,056, Apr. 10, 1928; Ames, 1,722,989, Aug. 6, 1929; O'Lena, 1,790,832, Feb. 3, 1931; Ames, 2,080,525, May 18, 1937.

Claims 9, 18 and 21 are illustrative, and read as follows:

"9. In a circular knitting machine of the independent needle type, knitting instrumentalities consisting of needles and sinkers arranged in circular series and independently movable so that said needles and sinkers move in cooperating knitting waves in the formation of the stitches, yarn feeding means having provision for feeding two yarns in normal plating relation to substantially all the needles and sinkers, other yarn feeding means at another position spaced around the needle circle from the first mentioned feeding means, and means selectively controlling the movements of certain of the said instrumentalities at the first mentioned feed in such a manner as to modify the normal knitting wave and thereby cause said certain of the instrumentalities to selectively reverse the normal plating relation at certain of the wales.

"18. A knitted fabric including at least two series of courses with courses of one series between successive courses of the other series, the two series being formed by separate yarns, the courses of one series having one portion in which two yarns are knit into loops with one of the yarns overlying the other of the yarns, and another portion in which the two yarns are knit into loops with the second yarn overlying the first yarn.

"21. The process of knitting a fabric which includes manipulating needles and cooperating members at, at least, two spaced points to form loops in yarns fed to the needles adjacent said points, and manipulating the yarns at one of the points to selectively produce loops containing a plurality of the yarns in normal or reverse plated relationship, or to cause at least one of the yarns to float."

The alleged invention, according to the specification, "relates to knit fabrics, mechanisms and processes for knitting plated effects [designs] in said fabrics, preferably stockings, wherein the said plated effects are the result of the knitting in of three or more varied colored yarns or threads throughout the plated portions of the stocking or other fabric."

Claims 1 to 21, inclusive, were before the Patent Office tribunals and all were rejected for some or other of the reasons above set out. No appeal was taken here from the rejection of claims 1, 2 and 6. On the oral argument before this court, counsel for appellant moved to dismiss the appeal as to claims 3, 4, 5, 8, 10, 11, 12, 13 and 15, which motion will be granted. The claims now before us are 7, 9, 14 and 16 to 21, inclusive. Claims 7, 9, 14 and 16 are apparatus claims; 17 and 21 are process claims; and 18, 19 and 20 are product claims.

Appellant claims no novelty for his specific method of reverse plating. An examination of his previously issued pat-

ents (references in this appeal) and his application herein discloses that the same type of reverse plating mechanism is used by appellant in both patents and in said application. This mechanism comprises special sinkers with pattern means for selectively actuating the same to reverse the yarns for patterning.

The sole difference that appears between the apparatus of the application and those in the Lawson patents is that in the patents the devices have a single feed machine with a single sinker reverse plating mechanism, while in the application the apparatus comprises a two feed machine with a sinker reverse mechanism for each feed.

Knitting may be done twice as rapidly on the two feed machine as on the machine with a single feed because on the former for every revolution of the needle cylinder two rows of loops are knit instead of one row to a like revolution with a single feed. On the machine of the application the same pattern may be knit from both feeds, or a different pattern at each feed, or patterning may be made on one feed only and plain knitting on the other.

The examiner rejected claims 7, 9, 14, 16, 17 and 18 of the claims before us upon two principal grounds. On the first ground, he held that all appellant has done is to duplicate the reverse plating mechanism of his patents and that this, in view of the patents to Denton, McDonnell and Ballard, was obviously not invention. In his statement the examiner said as follows, omitting his reference to pages and figures of references:

"In each of these patents reverse plating is achieved by acting directly upon the threads to change their positions instead of selectively actuating sinkers as applicant and Lawson do. However, this is immaterial as the result is the same regardless of what type of reverse plating mechanism is used. Denton discloses the use of two reverse plating attachments * * *; McDonnell shows four such attachments * * *; and Ballard * * * discloses the use of two reverse plating feeds. If it is old to provide one type of reverse plating means at a plurality of feeds, then it is certainly not invention to duplicate the old reverse plating means of the Lawson patents at a plurality of feeds. Attention is called to the fact that it is old to provide sinker selecting means

at a plurality of feeds in O'Lena * * * for patterning.

"Claims 1–18 stand rejected on the Lawson patents on the ground that it would not be invention to duplicate the reverse plating means therein in a two feed knitting machine as explained above in view of Denton, McDonnell and Ballard. Claims 1–16 are machine claims; claim 17 is a machine method of knitting; and claim 18 is a fabric claim which calls for nothing more than a fabric knit on the Lawson machine provided with two feeds and two sets of reverse plating mechanisms."

The second ground of rejection was, in effect, that the patentability of the claims was res adjudicata, in view of the decision of this court in Re Lawson, 75 F. 2d 633, 22 C.C.P.A., Patents 1016. The application in that case, serial No. 344,-393, was the parent application of the one before us. The claimed invention consisted in alleged improvements in reverse plating mechanism, process and fabric. The court there held, in view of one of the references cited here, that there was no invention in reverse plating at two stations in a two feed machine. In that case it was said:

"It appears to the court that a careful reading of the specification of the Epps patent discloses the idea of additional or interchangeable feed arms and feeding stations. It is not contended that reverse plating knitting is new in the art. If it were so claimed, such knitting is disclosed in the Epps patent. While it is true that this patent discloses only one yarn feeding arm for feeding two yarns, the patentee recites in his specification:

"* * * Morever, if desired, plaiting may be practiced in accordance with my invention in alternation with other forms of knitting by employment of additional interchangeable feeds such as ordinarily associated with a double feed of the type illustrated in standard knitting machines, thereby permitting occasional substitution of other yarns in place of the simultaneously fed yarns Y, Y' under governance of the feed control drum 17."

The Board of Appeals affirmed the decision of the examiner herein on both grounds, stating: "* * * Even if we did not have the Court decision before us, we are of the opinion that the references relied upon by the examiner show that invention was lacking."

It is clear to us, in view of what has been hereinbefore stated, that claims 7, 9, 14, 16, 17 and 18 lack patentability in view of the prior art, and it is not necessary to discuss the contention of appellant that the claims herein are more specific than those considered in the case of In re Lawson, supra.

Claims 18, 19 and 20 are directed to a knitted fabric. As to these claims the examiner said: "Claims 18–20 are also rejected as being for an invention different from that originally claimed. These claims are directed to a fabric and are classifiable in Class 66, subclass 201, whereas the original claims are directed to a machine and method of knitting thereon and are classifiable in Class 66, subclass 108. The fabric disclosed is entirely independent of the machine and could be made by hand or on other machines."

With this reasoning of the examiner, we agree.

The examiner rejected claim 21 as not supported by appellant's disclosure. The Board of Appeals rejected this claim as well as claims 19 and 20 on the ground of estoppel. The reason given by the board for its rejection reads as follows: "Claims 19, 20 and 21 are rejected as not supported by appellant's disclosure. During an interference proceeding in which this application was involved, the examiner denied a motion to amend as to these claims for the same reason. Appellant did not appeal from the examiner's holding. The patentee, with whom this application was in interference, has a right to expect that this question will not again be considered by the examiners of this Office. Inasmuch, therefore, as appellant did not take his inter partes appeal, we are of the view that he is now estopped to assert his right to these claims."

We are in agreement with the aforesaid reason given by the board in rejecting claim 21. See In re Lyon, 86 F.2d 824, 24 C.C.P.A., Patents, 751.

All of the contentions of appellant have been carefully considered as they accorded with the reasons for appeal to this court, but in none of them can we find merit.

Appellant's appeal as to claims 3, 4, 5, 8, 10, 11, 12, 13 and 15 is dismissed; and the decision of the Board of Appeals rejecting claims 7, 9, 14 and 16 to 21, inclusive, is affirmed.